UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

G&G Closed Circuit Events, LLC
2380 South Bascom Avenue, Suite 200
Campbell, CA  95008

**Plaintiff**

vs.

The Thunderettes Pleasure Club, Inc. t/a
Thunderettes Pleasure Club t/a Sugar
Ray's Lounge a/k/a Sugar Rays Lounge
1322 N. Milton Avenue
Baltimore, MD 21213

    **SERVE ON RESIDENT AGENT:**
    Raymondo Zaquen
    1322 N. Milton Avenue
    Baltimore, MD 21213

And

Lorraine Matthews
6400 Laurelton Avenue
Baltimore, MD 21214

And

Sheron M. Matthews
2812 Rueckert Avenue
Baltimore, MD 21214

And

Raymondo Matthews, Jr.
295 S. Stuart Street
Essex, MD 21221

**Defendants**

Case No.

## COMPLAINT

G&G Closed Circuit Events, LLC, Plaintiff, by Kind & Dashoff, LLC, Richard M. Kind, Esquire and Ryan C. Kind, Esquire, and for its Complaint herein alleges as follows:

## JURISDICTION

1.      Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. Section 605, et seq., and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, et seq.

2.      This Court has jurisdiction of the subject matter of this action pursuant to Title 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.  This Court has subject matter jurisdiction over the state law claims pursuant to Title 28 U.S.C. Section 1367 (supplemental jurisdiction).

3.      This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Maryland.

## VENUE

4.      Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Maryland, Baltimore/Greenbelt Division because a substantial part of the events or omissions giving rise to the claim occurred in one of these Districts.

## THE PARTIES

5.      The Plaintiff, G&G Closed Circuit Events, LLC, and at all relevant times mentioned, is a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, CA  95008.

6.      Defendants, Lorraine Matthews, Sheron M. Matthews and Raymondo Matthews, Jr., are the managing members/partners/owners of The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays Lounge which owns and operates the commercial establishment doing business as The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays at 1322 N. Milton Avenue, Baltimore, Maryland 21213.

7.      Defendants, Lorraine Matthews, Sheron M. Matthews and Raymondo Matthews, Jr., are also individuals specifically identified on the Baltimore City Alcoholic Beverages Retail License issued for The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays (04342591). (**SEE EXHIBIT 1**)

8.      Plaintiff is informed and believes and alleges thereon that on April 22, 2023 (the night of the Program at issue herein, as more specifically defined in paragraph 15), Defendants, Lorraine Matthews, Sheron M. Matthews and Raymondo Matthews, Jr., had the right and ability to supervise the activities of The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays, which included the unlawful interception of Plaintiff's Program.

9.      Plaintiff is informed and believes, and alleges thereon that on April 22, 2023 (the night of the Program at issue herein, as more specifically defined in paragraph 15), Defendants, Lorraine Matthews, Sheron M. Matthews and Raymondo Matthews, Jr., are individuals specifically identified on the Alcoholic Beverages Retail License for The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays, had the obligation to supervise the activities of The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays, which included the unlawful interception of Plaintiff's Program, and, among other responsibilities, had the obligation to ensure that the Alcoholic Beverages Retail License was not used in violation of law.

10.     Plaintiff is informed and believes, and alleges thereon that on April 22, 2023 (the night of the Program at issue herein, as more specifically defined in paragraph 15), Defendants,

Lorraine Matthews, Sheron M. Matthews and Raymondo Matthews, Jr., specifically directed the employees of The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays to unlawfully intercept and broadcast Plaintiff's Program at The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays or that the actions of the employees of The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays are directly imputable to Defendants, Lorraine Matthews, Sheron M. Matthews and Raymondo Matthews, Jr., by virtue of their acknowledged responsibility for the actions of The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays.

11.    Plaintiff is informed and believes, and alleges thereon that on April 22, 2023, Defendants, Lorraine Matthews, Sheron M. Matthews and Raymondo Matthews, Jr., are managing members/partners/owners of The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays and are individuals specifically identified on the Alcoholic Beverages Retail License for The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays had an obvious and direct financial interest in the activities of The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays, which included the unlawful interception of Plaintiff's Program.

12.    Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's Program, as supervised and/or authorized by Defendants, Lorraine Matthews, Sheron M. Matthews and Raymondo Matthews, Jr., resulted in increased profits for The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays.

13.    Plaintiff is informed and believes, and alleges thereon that Defendants, Lorraine Matthews, Sheron M. Matthews and Raymondo Matthews, Jr., are the owners, and/or operators, and/or licensees, and/or permittees, and/or persons in charge, and/or individuals with dominion, as to The Thunderettes Pleasure Club, Inc. t/a Thunderettes Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays operating at 1322 N. Milton Avenue, Baltimore, Maryland 21213.

COUNT I

**(Violation of Title 47 U.S.C. Section 605)**

14.    Plaintiff, G&G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-13, inclusive, as though set forth herein at length.

15.     Pursuant to contract, Plaintiff, G&G Closed Circuit Events, LLC, paid for and was thereafter granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Gervonta Davis v. Ryan Garcia Championship Fight Program* which telecast nationwide on Saturday, April 22, 2023, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program"). **(SEE EXHIBIT 2)**

16.     Pursuant to contract, Plaintiff, G&G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Maryland, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

17.     As a commercial distributor and licensor of sporting events, including the Program, Plaintiff, G&G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

18.     With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 6-13 above), did unlawfully intercept, receive, publish, divulge, display and/or exhibit the Program at the time of its transmission at their commercial establishment in Baltimore City, Maryland located at 1322 N. Milton Avenue, Baltimore, Maryland 21213.

19.     Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

20.     Attached hereto is an Affidavit from Taylor Irving, an investigator with After Hourz Security, who observed the unlawful exhibition of Plaintiff's Program at the Defendants' commercial establishment. **(SEE EXHIBIT 3)**

21.     That attached hereto are copies of webpages from the Maryland Department of Assessments and Taxation setting forth that The Thunderettes Pleasure Club, Inc. t/a Thunderettes

Pleasure Club t/a Sugar Ray's Lounge a/k/a Sugar Rays is a valid Maryland corporation. **(SEE EXHIBIT 4)**

22.    Title 47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission of the Program for which Plaintiff, G&G Closed Circuit Events, LLC, had the distribution rights thereto).

23.    By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, et seq.

24.    By reason of the Defendants' violation of Title 47 U.S.C. Section 605, et seq., Plaintiff, G&G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

25.    As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, G&G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

(a)    Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also

(b)    Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c)    the recovery of full costs, including reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT II
### (Violation of Title 47 U.S.C. Section 553)

26.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-25, inclusive, as though set forth herein at length.

27.     The unauthorized interception, reception, publication, divulgence, display, and/or exhibition of the Program by each of the above-named Defendants were prohibited by Title 47 U.S.C. Section 553 et seq.

28.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, et seq.

29.     By reason of the Defendants' violation of Title 47 U.S.C. Section 553, et seq., Plaintiff, G&G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

30.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff, G&G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

(a)     Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. Section 553(c) (3)(A)(ii), and also

(b)     Statutory damages for each willful violation in an amount up to $50,000.00 pursuant to Title 47 U.S.C. Section 553 (c)(3)(B), and also

(c)     the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

(d)     and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

WHEREFORE, plaintiff prays for judgment as set forth below.

**As to the First Count:**

1.     For statutory damages in the amount of $110,000.00 against the Defendants, and each of them, and

2.     For reasonable attorney fees as mandated by statute, and

3.   For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4.   For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.   For statutory damages in the amount of $60,000.00 against the Defendants, and each of them, and;

2.   For reasonable attorneys fees as may be awarded in the Court's discretion pursuant to statute, and;

3.   For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4.   For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: 10/26/23

_____
**LAW OFFICES OF KIND & DASHOFF**
By: Richard M. Kind, Esquire     00189
Attorneys for Plaintiff
G&G Closed Circuit Events, LLC

_____
**LAW OFFICES OF KIND & DASHOFF**
By: Ryan C. Kind, Esquire     11654
Attorneys for Plaintiff
G&G Closed Circuit Events, LLC